IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| AMY RYMAL, | ) | CV. NO. 10-00280 DAE-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BANK OF AMERICA fka | ) | |
| COUNTRYWIDE HOME LOANS; | ) | |
| BAC HOME LOANS SERVICING, | ) | |
| LP, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT BAC'S MOTION TO DISMISS
COMPLAINT FILED JUNE 22, 2010

On April 8, 2011, the Court heard Defendant BAC Home Loans

Servicing LP ("BAC")'s Motion to Dismiss Complaint Filed June 22, 2010. (Doc.

# 16.) Robin Horner, Esq., appeared at the hearing on behalf of Plaintiff; Patricia

J. McHenry, Esq., and Alana Peacott-Ricardos, Esq., appeared at the hearing on

behalf of Defendant BAC. After reviewing the supporting and opposing

memoranda, the Court GRANTS Defendant BAC's Motion to Dismiss. (Doc.

# 16.) Plaintiff is GRANTED leave to amend the First Amended Complaint as to

all Defendants.

<u>BACKGROUND</u>

On May 12, 2010, Plaintiff Amy Rymal ("Plaintiff") filed a Complaint against Defendants Bank of America fka Countrywide Home Loans and BAC (collectively, "Defendants"). (Doc. # 1.) On June 22, 2010, Plaintiff filed a First Amended Complaint ("FAC") against Defendants. ("FAC," Doc. # 5.) The claims in Plaintiff's FAC relate to the mortgage and note entered into for the purchase of real property located at 349 North Market Street, # 9, Wailuku, HI 96793 ("Subject Property"). (FAC ¶ 9.) Plaintiff's FAC states that she wanted to purchase the Subject Property and thus "applied for a loan with defendant and/or defendant's predecessors, agents, or employees . . . ." (<u>Id.</u> ¶¶ 10–11.) Plaintiff further contends that the lender of the loan failed to provide a variety of disclosures and documents to her including, but not limited to, a signed and dated initial truth and lending statement, an initial good faith estimate, the final truth in lending disclosure, the HUD settlement statement, and notification of other consumer rights. (<u>Id.</u> ¶¶ 13, 14, 22.) Plaintiff also argues that the lender of the loan falsified income figures in the loan application, failed to disclose the true terms of the loan to Plaintiff, and failed to disclose that Plaintiff was being provided a loan product that she could not afford to repay. (<u>Id.</u> ¶¶ 16, 23, 30.) Plaintiff argues that as a

result of the aforementioned as well as other transgressions by Defendants, the notice of intent to foreclose the Subject Property is defective, null and void. (Id. ¶ 48.)

Specifically, Plaintiff's FAC alleges Counts: (Count I) Violation of Statutory Duties (FAC ¶¶ 51–54); (Count II) Fraud (id. ¶¶ 55–61); (Count III) Mistake (id. ¶¶ 62–63); (Count IV) Unconscionability (id. ¶¶ 64–67); (Count V) Unfair or Deceptive Acts or Practices ("UDAP") (id. ¶¶ 68–671); (Count VI) Breach of Fiduciary Duties (id. ¶¶ 72–76); (Count VII) Failure to Act in Good Faith (id. ¶¶ 77–81); (Count VIII) Injunctive Relief (id. ¶¶ 82–85); (Count IX) Recoupment (id. ¶¶ 86–87); (Count X) Unjust Enrichment (id. ¶¶ 88–89); and (Count XI) Negligent and/or Intentional Infliction of Emotional Distress (id. ¶¶ 90–94).

On November 24, 2010, BAC filed a Motion to Dismiss Complaint filed June 22, 2010 ("Motion"). ("Mot.," Doc. # 16.) On February 14, 2011, Plaintiff filed an Opposition to BAC's Motion. ("Opp'n," Doc. # 24.) On February 22, 2011, BAC filed a Reply in support of their Motion. (Reply, Doc. # 25.)

<u>STANDARD OF REVIEW</u>

I.     <u>Federal Rule of Civil Procedure 12(b)(6)</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted.  Review is limited to the contents of the complaint.  <u>See</u> <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754 (9th Cir. 1994).  A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim."  <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted).  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff.  <u>See</u> <u>Livid Holdings Ltd. v. Salomon Smith Barney, Inc.</u>, 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action.  <u>See</u> <u>id.</u> at 556–57; <u>see also</u> <u>McGlinchy v. Shell Chem. Co.</u>, 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted).  "The tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be

granted "if it appears at all possible that the plaintiff can correct the defect")
(internal quotations and citations omitted).

## II.     Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud
or mistake, a party must state with particularity the circumstances constituting
fraud or mistake."  Fed. R. Civ. P. 9(b).  Under Ninth Circuit law, "Rule 9(b)
requires particularized allegations of the circumstances <u>constituting</u> fraud."  <u>In re
GlenFed, Inc. Sec. Litig.</u>, 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc),
<u>superseded on other grounds by</u> 15 U.S.C. § 78u-4.

In their pleadings, plaintiffs must include the time, place, and nature
of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to
satisfy this requirement.  <u>Id.</u> at 1548 (quoting <u>Moore v. Kayport Package Express,
Inc.</u>, 885 F.2d 531, 540 (9th Cir. 1989)).  "[T]he circumstances constituting the
alleged fraud [must] 'be specific enough to give defendants notice of the particular
misconduct . . . so that they can defend against the charge and not just deny that
they have done anything wrong.'"  <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124
(9th Cir. 2009) (quoting <u>Bly-Magee v. California</u>, 236 F.3d 10104, 1019 (9th Cir.
2001)); <u>see also</u> <u>Moore</u>, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff
to attribute particular fraudulent statements or acts to individual defendants).

However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); Walling v. Beverly Enter., 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## DISCUSSION

For the reasons set forth below, the Court concludes that BAC's Motion should be granted. The Court grants Plaintiff leave to amend her First Amended Complaint.

## I.    Count I: Violation of Statutory Duties

Count I of the FAC asserts a claim for violation of statutory duties, alleging that Defendants violated "various statutory duties pursuant to the Real Estate Settlement Procedures Act (12 U.S.C. 2601 et seq.), the Equal Credit Opportunity Act (Reg. B, 12 CFR 202), [ ] the Fair Credit Reporting Act (15 USC 1681), and the Federal Truth in Lending Act (hereinafter "TILA") 15 U.S.C. Sec. 1601, et seq., and the Act's corresponding Regulation Z (24 CFR Section 3500.1–3500.17) . . . ."  (FAC ¶ 52.)  BAC argues in its Motion that Plaintiff's allegations are conclusory and fail to satisfy Rule 8 pleading requirements, and that Plaintiff's TILA and Real Estate Settlement Procedures Act ("RESPA") claims are time barred.  (Mot. at 7–15.)  Plaintiff argues in her Opposition that her claim in Count I satisfies Rule 8.  (Opp'n at 8–10.)

Although the "Background" section of Plaintiff's FAC provides a laundry list of allegations allegedly committed by Defendants and documents allegedly not provided to Plaintiff by Defendants, Count I fails to identify which of these allegations relate to which specific statutory violations stated in Count I. Plaintiff's failure to cite any specific provision of the aforementioned statutes that was violated by Defendants is grounds for dismissal of the claim, alone.  See Rosal v. First Federal Bank of California, 671 F. Supp. 2d 1111, 1125 (N.D. Cal. 2009);

<u>Mansour v. Cal-Western Reconveyance Corp.</u>, 618 F. Supp. 2d 1178, 1183 (D. Ariz. 2009).[1]  Although Rule 8 requires only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must sufficiently put Defendants on fair notice of the claim asserted and the ground upon which it rests.  Defendants, nor the Court, are required to speculate as to which provisions Plaintiff is suing under or how Defendants violated such provisions.  Vague allegations containing mere labels and conclusions are insufficient to survive a motion to dismiss. <u>See</u> <u>Twombly</u>, 550 U.S. at 555.

Additionally, BAC correctly argues that Plaintiff's TILA rescission, TILA damages, and RESPA claims, to the extent they are alleged in Count I, are barred by the relevant statutes of limitations.  <u>See</u> (FAC ¶¶ 52, 54.)

A.    TILA Rescission Claim

Section 1635(a), TILA's so-called buyer's remorse provision, gives borrowers three business days to rescind the loan agreement without penalty.  15 U.S.C. § 1635(a); <u>Semar v. Platte Valley Fed. Sav. & Loan Ass'n</u>, 791 F.2d 699, 701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)).  To invoke this provision, the

---

[1]Although the Court does not cite to other district courts as precedent, it notes that the cases cited here have also visited a similar issue.

loan must be a consumer loan using the borrower's principal dwelling as security.

15 U.S.C. § 1635(a).  If the lender fails to deliver certain forms or disclose

important terms accurately, Section 1635(f) gives the borrower the right to rescind

until "three years after the consummation of the transaction or . . . the sale of the

property, whichever occurs first."  15 U.S.C. § 1635(f); <u>see also</u> <u>King v. California</u>,

784 F.2d 910, 913 (9th Cir. 1986).

Here, Plaintiff entered into the loan transaction on February 13, 2006[2]

and initiated the instant lawsuit on May 12, 2010.  As this is more than three years

since the consummation of the loan, Plaintiff's claim is barred by the statute of

limitations.

Additionally, equitable tolling does not apply to rescission under

TILA.  <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 412 (1998) (holding that

---

[2]Nowhere in the FAC does Plaintiff set forth the date on which the loan was entered.  However, BAC's Motion attaches the mortgage as Exhibit B, which clearly states that the note was signed on February 13, 2006, recorded on February 16, 2006, and for an amount of $148,000.00.  Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the mortgage attached to Defendants' Motion to Dismiss, as it is a "matter of public record" and may be considered on a motion to dismiss.  <u>See</u> <u>Lee</u> <u>v. City of Los Angeles</u>, 250 F.3d 668, 688-689 (9th Cir. 2001). "Therefore, on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." <u>Mack v. South Bay Beer Distrib., Inc.</u>, 798 F.2d 1279, 1282 (9th Cir. 1986), overruled on other grounds by <u>Astoria Fed. Sav. and Loan Ass'n v. Solimino</u>, 501 U.S. 104, 111 (1991).

"§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period"); see also Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (citing Beach and holding that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period"); King, 784 F.2d at 913 (characterizing Section 1635(f) as a "three-year absolute limitation" on Section 1635 rescission actions). As such, Plaintiffs' TILA rescission claim is barred as a matter of law by the statute of limitations.

B.    TILA Damages Claim

In addition to rescission, TILA authorizes civil liability in the form of actual damages, statutory damages, costs, and attorneys fees. 15 U.S.C. § 1640. Pursuant to Section 1640(e), there is a one-year statute of limitations for civil liability claims under TILA. Id. § 1640(e). The limitations period generally runs from the date of consummation of the transaction. King, 784 F.2d at 915. Here, as stated above, Plaintiff entered into the loan transaction on February 13, 2006, and initiated the present lawsuit on May 22, 2010. As such, more than one year elapsed between the consummation of the loan and the filing of the instant action. Therefore, Plaintiff's claim is barred by the statute of limitations unless equitable tolling applies.

As a general matter, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990))). In a TILA damages action specifically, equitable tolling may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King, 784 F.2d at 915. However, when a plaintiff fails to allege facts demonstrating that the plaintiff could not have discovered the purported TILA violation with reasonable diligence, dismissal is appropriate and equitable tolling will not apply. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling for failure to make required disclosures under TILA when the plaintiff was in full possession of all loan documents and did not allege fraudulent concealment or any other action that would have prevented discovery of the

violation); Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding

that the plaintiff was not entitled to equitable tolling of her TILA claim because

"nothing prevented [the plaintiff] from comparing the loan contract, Fidelity's

initial disclosures, and TILA's statutory and regulatory requirements").

In this case, as in Meyer and Hubbard, Plaintiff fails to allege any

facts to demonstrate that equitable tolling applies. Plaintiff's assertion that "she

was 'tricked' by defendants when they among other things, falsified her loan

documents, concealed that fact, and failed to make important disclosures to her,"

(Opp'n at 11) is vague and conclusory and does not justify application of equitable

tolling. Specifically, Plaintiff offers no explanation for why she was unable to

discover the TILA violations within the one-year statutory period. These facts

without more are insufficient for Plaintiff to invoke the doctrine of equitable

tolling. As such, Plaintiff's TILA damages claim is barred by the statute of

limitations.

C.    RESPA Claim

RESPA imposes either a one-year or a three-year statute of limitations

depending on the violation alleged. 12 U.S.C. § 2614 (proscribing a one-year

statute of limitations for violations of Sections 2607 and 2608 and a three-year

statute of limitations for violations of Section 2605). Because Plaintiff's alleged

RESPA claim arose out of the loan origination, which occurred more than three years before Plaintiff filed the instant action, Plaintiff's claim is barred by the statute of limitations. As discussed above, Plaintiff is not entitled to equitable tolling because she has failed to allege specific facts showing why she could not bring her suit within the limitations period.

For the aforementioned reasons, Plaintiff's claims under Count I fail. Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's claim for violation of statutory duties. Further, Plaintiff's claim for TILA rescission is barred as a matter of law by the statute of limitations and is thus DISMISSED WITH PREJUDICE as to all Defendants. The remaining claims in Count I are DISMISSED WITHOUT PREJUDICE as to all Defendants.

II.     Counts II and III: Fraud and Mistake

Count II of Plaintiff's FAC, entitled "Fraud" claims that Defendants

breached their duties by misrepresenting Plaintiff's income, by misrepresenting and/or concealing material facts, such as the misstatement of Plaintiff's income, the failure of Lender or its predecessors and/or its employees and agents to follow usual and customary underwriting guidelines to qualify Plaintiff for a loan, properly disclose the true terms of the loan, properly disclose the true amount of interest Plaintiff would have to pay over the life of the loan, that property values were declining and would likely continue to do so in the foreseeable future, that Plaintiff would likely experience mortgage payment distress, had a high likelihood of default on the

note, and that there would not be sufficient equity in the Property to refinance the loan.

(FAC ¶ 57.)  Count III of the FAC, titled "Mistake," alternatively argues that if fraud is not found, then "the transaction was entered into based upon mutual mistake which entitles Plaintiff to rescission of the note and mortgage and reimbursement of all monies that were paid . . . ."  (Id. ¶ 63.)

The Court finds that Plaintiff's allegations are insufficient to meet her burden under the more rigorous pleading requirements of Rule 9 that apply to allegations of fraud or mistake.  See Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake).  The claim must "be accompanied by the 'who, what, when, where, and how' of the misconduct charged."  Kearns v. Ford Motor Co., 567 F.3d 1120 (9th Cir. 2009) (internal citation and quotations omitted).  A plaintiff "must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation."  Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1988).

Here, Plaintiff fails to plead the time and place of any alleged fraud and she also does not specify what role each defendant played in the alleged misconduct.  Instead, Plaintiff broadly attributes the allegedly false statements to

all Defendants generally, without specifying when, where, and by who the false statements were made.  Furthermore, Plaintiff's statement that "the transaction was entered into based upon mutual mistake," is a legal conclusions entitled to no weight.  (FAC ¶ 63); <u>see</u> <u>Iqbal</u>, 129 S. Ct. at 1949.  Additionally, all averments of fraud, even those found within other claims, must be pleaded with the particularity governed by Rule 9.

Accordingly, the Court GRANTS BAC's Motion as to Counts II and III and DISMISSES WITHOUT PREJUDICE both counts as to all Defendants.

## III.    Count IV: Unconscionability

Count IV of Plaintiff's FAC sets forth a claim for unconscionability alleging that, based upon Defendants' alleged failure to make proper and timely disclosures, properly qualify them for a loan, and based on their superior bargaining power, the terms and conditions of the note and mortgage are unconscionable.  (FAC ¶¶ 65–67.)  According to the Hawaii Supreme Court, unconscionability is a cause of action asserted to prevent the enforcement of a contract where, "the <u>clauses</u> are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract . . . ." (emphasis added) <u>Lewis v. Lewis</u>, 748 P.2d 1362, 1366 (Haw. 1988) (citations omitted).

Here, Plaintiff's allegations fail to address any contract terms between Plaintiff and Defendants, and instead, addresses Defendants' alleged conduct generally. These allegations do not speak to any unconscionable terms in the contract, nor are they limited to behavior that affected the circumstances under which the contract was made. For this reason, Plaintiff's contentions in Count IV fail to state a claim for unconscionability.

Accordingly, the Court GRANTS BAC's Motion as to Count IV and DISMISSES WITHOUT PREJUDICE the count as to all Defendants.

IV.    Count V: Unfair and Deceptive Acts or Practices

Count V of the FAC alleges that the "wrongful acts and/or omissions of Lender or its predecessors and/or its employees and agents constitute unfair and deceptive acts and practices in the conduct of business in violation of federal (15 USC Sec. 1802 et seq.) and state laws (HRS Sec. 480-2 and 480-13)." (FAC ¶ 69.)

The federal statute cited by Plaintiff, 15 U.S.C. § 1802 et. seq., is found in the chapter of the United States Code governing newspaper preservation, thus it appears that Plaintiff cited this statute in error. Additionally, Plaintiff has not pled sufficient facts to explain its relevance to this action.

As for Plaintiff's claims alleging state law violations of UDAP, Count V is wholly conclusory and entirely fails to provide any of the general elements for

17

a claim under Hawaii Revised Statutes ("HRS") § 480–13.  See Tokuhisa v. Cutter

Mgmt. Co., 223 P.3d 246, 261 (Haw. App.2009) ("Thus, § 480-13 establishes four

essential elements: (1) a violation of chapter 480; (2) injury to plaintiff's business

or property resulting from such violation; (3) proof of the amount of damages; and

(4) a showing that the action is in the public interest or that the defendant is a

merchant." (citations omitted)).

Because Plaintiff's FAC fails to provide any facts as to Defendants'

purported unfair or deceptive acts or practices and unfair methods of competition,

it fails to state a claim for a UDAP violation.  See Iqbal, 129 S. Ct. at 1949

("Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice.").

Accordingly, the Court GRANTS BAC's Motion as to Count V and

DISMISSES WITHOUT PREJUDICE the count as to all Defendants.

## V.  Count VI: Breach of Fiduciary Duties

Count VI of the FAC states that Defendants "breached their fiduciary

duties to Plaintiff by, amongst other things, making misrepresentations of material

fact, omitting to make disclosures of various material facts, and not properly

qualifying Plaintiff for the subject loan.  (FAC ¶ 74.)  BAC argues that lenders

typically do not owe fiduciary duties to their borrowers, and thus the count should

be dismissed.  (Mot. at 22–24.)  BAC is correct in asserting that there traditionally exists no fiduciary duty between borrowers and lenders.  Unless a special relationship exists between a borrower and lender that elevates the lender's responsibility, the standard "arms-length business relationship" applies.  <u>Giles v. General Motors Acceptance Corp.</u>, 494 F.3d 865, 883 (9th Cir. 2007); <u>see also</u> <u>Pension Trust Fund for Operation Engineers v. Federal Ins. Co.</u>, 307 F.3d 944, 954 (9th Cir. 2002).

In the instant FAC, Plaintiff makes no allegations suggesting that her relationship to Defendants is anything other than an ordinary, arms-length, lender-borrower relationship.  Simply stating that Defendants "breached their fiduciary duties to Plaintiff," is insufficient to establish the existence of a fiduciary duty.  Thus, Plaintiff's allegations in Count VI are wholly conclusory and unsupported.  <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS BAC's Motion as to Count VI and DISMISSES WITHOUT PREJUDICE Count VI as to all Defendants.

VI.     <u>Count VII: Failure to Act in Good Faith</u>

Count VII of the FAC alleges that Defendants "failed to deal with Plaintiff in good faith and in a fair manner," by, amongst other things, making misrepresentations of material fact, not making the mandatory federal law

disclosures, and not providing loan relief and/or modification of the loan terms to Plaintiff.  (FAC ¶ 79.)

In Hawaii, commercial contracts are subject to a statutory duty to perform in good faith.  Haw. Rev. Stat. § 490:1-304.  Further, Hawaii law recognizes that "every contract contains an implied covenant of good faith and fair dealing that neither party will do anything that will deprive the other of the benefits of the agreement."  Best Place, Inc. v. Penn Am. Ins. Co., 920 P.2d 334, 337–38 (Haw. 1996) (citations omitted).

Here, Plaintiff fails to allege any specific facts and solely provides legal conclusions regarding Defendants' purported violation of the implied covenant of good faith and fair dealing.  While Plaintiff provides a laundry list of acts allegedly conducted by Defendants not in good faith, she fails to state how Defendants' actions constitute a breach of the implied covenant of good faith and fair dealing.  Simply making such conclusory allegations is insufficient to properly plead this claim.  Thus, Plaintiff's legal conclusions are entitled to no weight.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS BAC's Motion as to Count VII and DISMISSES WITHOUT PREJUDICE the count as to all Defendants.

## VII.  Count VIII: Injunctive Relief

Count VIII of the Complaint states that "[a]s a result of the wrongful acts and/or omissions of Lender or its predecessors and/or its employees and agents, Plaintiff is entitled to injunctive relief and a stay of any foreclosure proceedings until this matter can be resolved on the merits by means of an evidentiary hearing or trial on the merits."  (FAC ¶ 83.)  Plaintiff's injunctive relief claim does not assert any standalone grounds for relief, but instead appears to be a request for relief derivative of her other claims.  Because the Court dismisses Plaintiff's other claims as described herein, the Court dismisses Plaintiff's claim for "Injunctive Relief."

Accordingly, the Court GRANTS BAC's Motion as to Count VIII and DISMISSES WITHOUT PREJUDICE the count as to all Defendants.

## VIII.  Count IX: Recoupment

In Count IX of the Complaint, Plaintiff brings a claim for recoupment alleging that "[a]s a result of the various wrongful acts and/or omissions . . . Plaintiff is entitled to equitable recoupment of all monies paid by them with regard to the subject loan transactions . . . ."  (Id. ¶ 87.)

First, Plaintiff's claim is wholly conclusory and fails to provide the Court with any facts explaining why Plaintiff is entitled to recoupment.  The Court

additionally notes that it is unclear whether Plaintiff is alleging a claim for TILA recoupment, pursuant to 15 U.S.C. § 1640.  To the extent Plaintiff brings forth a claim for TILA recoupment, the Court conducts the analysis below.

"[R]ecoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is founded."  Bull v. United States, 295 U.S. 247, 262 (1935).  The Supreme Court has confirmed that recoupment of damage claims survive TILA's one-year statute of limitations.  Beach, 523 U.S. at 418.  However, to circumvent the statute of limitations, the recoupment claim must be asserted as a "defense" in an "action to collect a debt."  15 U.S.C. § 1640(e).  Some courts have held that for a recoupment claim to survive a motion to dismiss, the plaintiff must show the following: "(1) the TILA violation and the debt are products of the same transaction; (2) the debtor asserts the claim as a defense; and (3) the main action is timely."  Moor v. Travelers Ins. Co., 784 F.2d 632, 634 (5th Cir. 1986) (citing In re Smith, 737 F.2d 1549, 1553 (11th Cir. 1984)); Agustin v. PNC Fin. Servs. Grp., --- F. Supp. 2d ----, 2010 WL 1507975, at *18 n.2 (D. Haw. Apr. 15, 2010).

Nowhere does Plaintiff assert TILA recoupment as a defense, nor does Plaintiff point to any "action to collect a debt."  Accordingly, the Court GRANTS

BAC's Motion as to Count IX and DISMISSES WITHOUT PREJUDICE the count as to all Defendants.

IX.   Count X: Unjust Enrichment

Count X of the Complaint contends that "[a]s a result of the various wrongful acts and/or omissions made by Lenders . . . Lender has been unjustly enriched and should be required to reimburse, identify, or otherwise pay Plaintiff damages in such amounts as shall be proven at the time of trial."  (FAC ¶ 89.)  This allegation is a threadbare recital of the general elements of the cause of action. Plaintiff fails to plead any factual allegations to suggest that this claim is plausible, and it remains entirely unclear who Plaintiff alleges these claims against.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS BAC's Motion as to Count X and DISMISSES WITHOUT PREJUDICE Count X as to all Defendants.

X.   Count XI: Negligent and/or Intentional Infliction of Emotional Distress

Count XI of the Complaint alleges claims for negligent infliction of emotional distress ("NIED") "and/or" intentional infliction of emotional distress ("IIED").  (FAC. ¶¶ 90–94.)  Specifically, Plaintiff claims that Defendants "caus[ed] Plaintiff to suffer severe mental and emotional distress, by misleading her, providing her a loan product she was not qualified for, in causing her to lose

her savings, by giving her false hope she would qualify for loan modification, that she would be allowed loan assistance or modification on reasonable terms that would allow Plaintiff to keep their interest in the Property, among other things." (Id. ¶ 92.)

A plaintiff may recover for NIED "where a reasonable [person], normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." Doe Parents No. 1 v. State, 58 P.3d 545, 580 (Haw. 2002) (citations and quotations omitted).  An NIED claim "is nothing more than a negligence claim in which the alleged actual injury is wholly psychic and is analyzed utilizing ordinary negligence principles."  Id. (citations and quotations omitted).  To maintain a NIED claim, the Hawaii Supreme Court has held that a person must allege "some predicate injury either to property or to another person in order himself or herself to recover for negligently inflicted emotional distress."  Id. at 580 (citations omitted); see also Kaho'ohanohano v. Dep't of Human Servs., 178 P.3d 538, 582–83 (Haw. 2008).  As such, "an NIED claimant must establish, incident to his or her burden of proving actual injury (i.e., the fourth element of a generic negligence claim), that someone was physically injured by the defendant's conduct, be it the plaintiff himself or herself or someone else."  Doe Parents, 58 P.3d at 580–81 (citations omitted).

24

Here, Plaintiff has not alleged a predicate injury or threat of immediate injury either to herself or to someone else. Rather, Plaintiff supports her NIED claim by providing a formulaic recitation of the elements of the claim, conclusory allegations, and generalized facts, all of which are entitled to no weight on a motion to dismiss. See Iqbal, 129 S. Ct. at 1949.

"Under Hawaii law, the elements of IIED are '(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another.'" Enoka v. AIG Haw. Ins. Co., 128 P.3d 850, 872 (Haw. 2006) (quoting Hac v. Univ. of Haw., 73 P.3d 46, 60–61 (Haw. 2003)). The Hawaii Supreme Court defines the term outrageous as conduct "'without just cause or excuse and beyond all bounds of decency.'" Enoka, 128 P.3d at 872 (quoting Lee v. Aiu, 936 P.2d 655, 670 n.12 (Haw. 1997)). "Moreover, 'extreme emotional distress' constitutes, inter alia, mental suffering, mental anguish, nervous shock, and other 'highly unpleasant mental reactions.'" Id. (quoting Hac, 73 P.3d at 60).

Plaintiff again fails to allege any specific facts to support an inference that Defendants acted in an intentional or reckless manner or that they engaged in outrageous conduct. Furthermore, Plaintiff's assertion that Defendants caused her to suffer severe mental and emotional distress is a legal conclusion, not entitled to

25

be assumed true when ruling on a motion to dismiss.  See Iqbal, 129 S. Ct. at 1949.

Plaintiffs' conclusory allegations are once again insufficient to state a claim for

relief.

Accordingly, the Court GRANTS BAC's Motion as to Count XI and

DISMISSES WITHOUT PREJUDICE the Count as to all Defendants.

XI.    Leave to Amend

The Court recognizes that it may be possible for Plaintiff to state a

claim if provided the opportunity to amend her Complaint.  Accordingly, the

Complaint is DISMISSED WITHOUT PREJUDICE as against Defendants with

leave to amend the Complaint with the exception of Plaintiff's TILA rescission

claim, which is barred as a matter of law by the statute of limitations.  If Plaintiff

chooses to do so, she may file a second amended complaint no later than 120 days

from the filing of this Order.  Failure to do so and to cure the pleading deficiencies

may result in dismissal of this action with prejudice.

CONCLUSION

For the reasons stated above, the Court GRANTS Defendant BAC's

Motion to Dismiss Complaint Filed June 22, 2010.  (Doc. # 16.)  The Complaint is

DISMISSED WITHOUT PREJUDICE as against all Defendants with the

exception of Plaintiff's TILA rescission claim, which is DISMISSED WITH

PREJUDICE as a matter of law.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 11, 2011.



_____
David Alan Ezra
United States District Judge

Rymal v. Bank of America et al., Cv. No. 10-0028- DAE-BMK; ORDER
GRANTING DEFENDANT BAC'S MOTION TO DISMISS COMPLAINT
FILED JUNE 22, 2010