IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| AMY RYMAL, | ) | CV. NO. 10-00280 DAE-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BANK OF AMERICA fka | ) | |
| COUNTRYWIDE HOME LOANS; | ) | |
| BAC HOME LOANS SERVICING, | ) | |
| LP, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS
SECOND AMENDED COMPLAINT FILED AUGUST 8, 2011

On December 2, 2011, the Court held a hearing on Defendant Bank of

America and Bank of America, N.A., successor by merger to BAC Home Loans

Servicing LP ("BAC")'s Motion to Dismiss Second Amended Complaint Filed

August 8, 2011.  Alana Peacott-Ricardos, Esq., appeared at the hearing on behalf

of Defendant BAC; Robin Horner, Esq., did not attend the hearing on behalf of

Plaintiff.  After reviewing the supporting and opposing memoranda, the Court

GRANTS IN PART Defendant BAC's Motion to Dismiss. (Doc. # 43.)  Plaintiff is

GRANTED leave to amend the Second Amended Complaint as to all Defendants.

## BACKGROUND

On May 12, 2010, Plaintiff Amy Rymal ("Plaintiff") filed a

Complaint against Defendants Bank of America fka Countrywide Home Loans and

BAC.  (Doc. # 1.)  On June 22, 2010, Plaintiff filed a First Amended Complaint

("FAC") against the Defendants.  ("FAC," Doc. # 5.)  The claims in Plaintiff's

FAC related to the mortgage and note entered into for the purchase of real property

located at 349 North Market Street, #9, Wailuku, HI 96793 ("Subject Property").

(FAC ¶ 9.)  The mortgage, which was recorded in the Hawaii Bureau of

Conveyances on February 16, 2006, lists Countrywide Home Loans, Inc. as the

lender on the loan.[1]

On November 24, 2010, BAC filed a Motion to Dismiss Complaint

Filed June 22, 2010.  (Doc. # 16.)  On February 14, 2011, Plaintiff filed a

Memorandum in Opposition to BAC's Motion.  (Doc. # 24.)  On February 22,

2011, BAC filed a Reply in support of their Motion.  (Doc. # 25.)

---

[1]  The Court takes judicial notice of the mortgage, which is a public document recorded in the Bureau of Conveyances.  See United States v. 14.02 Acres of Land More or Less in Fresno Cnty., 547 F.3d 943, 955 (9th Cir. 2008) ("Although, as a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion, Fed. R. Civ. P. 12(d), it 'may take judicial notice of matters of public record' and consider them without converting a Rule 12 motion into one for summary judgment." (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)).

On April 8, 2011, the Court heard BAC's Motion.  On April 11, 2011, the Court granted BAC's Motion and ordered the First Amended Complaint be dismissed without prejudice as against all Defendants with the exception of Plaintiff's Truth in Lending Act rescission claim, which was dismissed with prejudice as a matter of law.  (Doc. # 32.)  The Court granted Plaintiff leave to amend the First Amended Complaint as to all Defendants.

On August 8, 2011, Plaintiff filed a Second Amended Complaint ("SAC") against Bank of America fka Countrywide Home Loans and BAC Home Loans Servicing, LP.  ("SAC," Doc. # 41.)  Plaintiff's SAC alleges ten Counts:  (I) Violation of Real Estate Settlement Procedures Act (SAC ¶¶  46-50); (II) Fraud (id. ¶¶ 51-56); (III) Mistake (id. ¶¶ 57-58); (IV) Unconscionability (id. ¶¶ 59-63); (V) Unfair and Deceptive Acts or Practices (id. ¶¶ 64-74); (VI) Breach of Fiduciary Duties (id. ¶¶ 75-86); (VII) Failure to Act in Good Faith Failure to Act Consistent with the Implied Duty of Good Faith and Fair Dealing (id. ¶¶ 87-91); (VIII) Declaratory and Injunctive Relief (id. ¶¶ 92-95); (IX) Unjust Enrichment (id. ¶¶ 96-101); and (X) Negligent and/or Intentional Infliction of Emotional Distress (id. ¶¶ 102-107).

Plaintiff seeks a judgment voiding the underlying loan transaction and documents, statutory damages, actual damages, treble damages, punitive damages,

a temporary restraining order or order for injunctive relief "preventing lender or servicer from taking any adverse action to foreclose or obtain possession of the subject property pending a full adjudication of the merits of the subject lawsuit," and a judgment of restitution, reimbursement and/or indemnification.  (Id. at 33–34.)

On August 24, 2011, Bank of America ("BOA") and Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP"[2] (collectively, "Defendants") filed a Motion to Dismiss Second Amended Complaint Filed August 8, 2011 ("Motion").  ("Mot.," Doc. # 43.)  On November 7, 2011, Plaintiff filed a Position Statement to Bank of America and Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP's Motion to Dismiss Second Amended Complaint Filed August 8, 2011 ("Position Statement").  ("Pos. Stmt.," Doc. # 50.)  In her Position Statement, Plaintiff states that she has attempted to correct deficiencies regarding her federal claims against Defendants in her Second Amended Complaint but that she has "concluded that under the circumstances where only discovery as to issues relating to the motion to dismiss are allowed and we cannot conduct discovery that would further uncover

---

[2]   On July 1, 2011, BAC Home Loans Servicing, LP was merged into Bank of America, N.A., and is known as "Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP."

the fraudulent loan origination and the scheme to defraud, we seek to dismiss those claims." (Id. at 2.) "In other words, without prejudice, Plaintiff seeks to have the Court allow her to dismiss the federal claims against [Defendants] and with respect to her state claims against [Defendants], that the Court take no jurisdiction over these and it be dismissed without prejudice." (Id.) However, in light of the Court's findings as follows, the Court denies Plaintiff's request as moot.

STANDARDS OF REVIEW

I.     Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. "Review is limited to the contents of the complaint." Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action.  See id. at 556; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948–50 (2009) (internal quotations and citations omitted).  Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth."  Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief.  See Twombly, 550 U.S. at 570.  A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal

evidence and may not just provide a speculation of a right to relief.  Id. at 586.

When a complaint fails to adequately state a claim, such deficiency should be

"exposed at the point of minimum expenditure of time and money by the parties

and the court."  Id. at 558 (citation omitted).  If a court dismisses the complaint or

portions thereof, it must consider whether to grant leave to amend.  Lopez v.

Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be

granted "if it appears at all possible that the plaintiff can correct the defect")

(internal quotations and citations omitted).

II.    Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud

or mistake, a party must state with particularity the circumstances constituting

fraud or mistake."  Fed. R. Civ. P. 9(b).  Under Ninth Circuit law, "Rule 9(b)

requires particularized allegations of the circumstances constituting fraud."  In re

GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 (9th Cir. 1994) (en banc), superseded

on other grounds by 15 U.S.C. § 78u-4.

In their pleadings, plaintiffs must include the time, place, and nature

of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to

satisfy this requirement.  Id. at 1548 (quoting Moore v. Kayport Package Express,

Inc., 885 F.2d 531, 540 (9th Cir. 1989)).  "[T]he circumstances constituting the

alleged fraud [must] 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'"   <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2001)); <u>see also</u> <u>Moore</u>, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b); <u>see also</u> <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); <u>Walling v. Beverly Enter.</u>, 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1107 (9th Cir. 2003).  In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to

offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236

(1974) overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## DISCUSSION

I.    Pleading Defects as to Defendant "Bank of America"

As an initial matter, Defendant argues there is a pleading defect as to

its identification in the SAC.  The SAC names "Bank of America fka Countrywide

Home Loans" as a defendant.  (SAC at 1.)  The SAC "Bank of America" is a trade

name, not a legal entity, and therefore cannot be sued.  Duarte v. Bank of America,

No. 10-00372, 2011 WL 1399127, at *3 (D. Haw. Apr. 12, 2011); Sarmiento v.

Bank of New York Mellon, No. 10-00349, 2011 WL 884457, at *3 (D. Haw. Mar.

10, 2011).

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as

to all claims against BOA without prejudice.

II.    Count I: Real Estate Settlement Procedures Act Violations

Plaintiff alleges that Defendants failed to timely respond to her

request for information and request to resolve servicing issues and that Defendants

failed to timely notify her of the transfer of the servicing of the loan in violation of

the Real Estate Settlement Procedures Act ("RESPA").  (SAC ¶¶ 47–48.)

RESPA provides that "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days."  12 U.S.C. § 2605(e)(1)(A).  RESPA further provides that no later than 60 days after the receipt of a qualified written request, the servicer shall either correct the borrower's account, or, after conducting an investigation, provide the borrower a written explanation of why the account is correct, or why the requested information is unavailable, and the contact information of an employee of the servicer who can further assist the borrower.  12 U.S.C. § 2605(e)(2).

The FAC alleges that Plaintiff "submitted a request for information and a request that [Defendants] resolve servicing issues," which was neither timely acknowledged nor resolved.  (SAC ¶ 47.)  However, the SAC fails to sufficiently describe the "request" to establish that it was indeed a qualified written request[3]

---

[3] RESPA defines a qualified written request as:
a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that–
       (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
       (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.
12 U.S.C. § 2605(e)(1)(B).

such that it triggered Defendants' duty to respond.  See Lettenmaier v. Federal Home Loan Mortgage Corp., 2011 WL 3476648, at *12 (D. Or. Aug. 8, 2011) (dismissing a RESPA claim because plaintiffs failed to "attach a copy of their correspondence to the Complaint or to allege facts showing the communication concerned servicing of the loan as defined by the statute").

RESPA also provides that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the loan to any other person . . . not less than 15 days before the effective date of transfer of the servicing of the mortgage loan."  12 U.S.C. §§ 2605(b)(1)–(2).  Plaintiff fails to include any facts establishing that Plaintiff received a federally related mortgage loan or when any transfers occurred.

Finally, as Defendants noted, Plaintiff has not adequately alleged any actual damages as a result of the alleged failure to respond and other omissions. Pursuant to 12 U.S.C. § 2605(f)(1), a plaintiff has a burden to plead and demonstrate that she has suffered damages.  Specifically, § 2605(f)(1) provides:

> Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
> (1)  Individuals
>        In the case of any action by an individual, an amount equal to the sum of –
>        (1) any actual damages to the borrower as a result of the failure; and
>        (2) any additional damages, as the court may allow, in the case of a

11

pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.

Although the statute does not expressly make a showing of damages part of the pleading standard, "a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim." Shepherd v. American Home Mortgage Services, Inc., 2009 WL 4505925, at *3 (E.D. Cal. Nov. 20, 2009) (citing Allen v. United Financial Mortgage Corp., No. 09-2507, 2009 WL 2984170, at *5 (N.D. Cal. Sept. 15, 2009)). "This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiff can show that a failure to respond or give notice has caused him actual harm." Id. (citing Singh v. Wash. Mut. Bank, 2009 U.S. Dist. LEXIS 73315, at *16 (N.D. Cal. Aug. 19, 2009) (dismissing RESPA claim because, "[i]n particular, plaintiffs have failed to allege any facts in support of their conclusory allegation that as a result of defendants' failure to respond, defendants are liable for actual damages, costs, and attorney fees")). See also Long v. Deutsche Bank National Trust Co., 2011 WL 5079586, at *4 (D. Haw. Oct. 24, 2011); Esoimeme v. Wells Fargo Bank, 2011 WL 3875881, at *14 (E.D. Cal. Sept. 1, 2011) (dismissing claim where plaintiff failed to "allege any pecuniary loss from defendant's alleged failure to respond to the QWR."); Soriano v. Countrywide Home Loans, Inc., 2011 WL 1362077, at *6

12

(N.D. Cal. Apr. 11, 2011) (stating that "even if a RESPA violation exists, Plaintiff must show that the losses alleged are causally related to the RESPA violation itself to state a valid claim under RESPA").

Plaintiff asserts that because of Defendants' alleged omissions, she has "had difficulty determining and contacting the real party in interest to submit a request for loss mitigation or otherwise have the real party in interest consider work out options," and that as a result, she has "been forced to hire legal counsel to obtain relief."  (SAC ¶¶ 49–50.)  Attorneys' fees are not "actual damages" as contemplated by § 2605(f)(1) but are rather included as costs in § 2605(f)(3).  See, e.g., Luciw v. Bank of Am., N.A., 2010 WL 3958715, at *5 (N.D. Cal. Oct. 7, 2010) ("[A]ttorneys' fees typically are not considered 'actual damages,' and other district courts have rejected similar arguments.").  Moreover, Plaintiff's assertion that she had difficulty locating the real party in interest to mitigate losses or discuss "work out options" does not adequately constitute actual damages.  See Solan v. Everhome Mortgage Co., 2011 WL 456013, at *3 (S.D. Cal. Feb. 3, 2011) (dismissing a RESPA claim where the plaintiff provided "only conclusory allegations as to how she was damaged by the alleged failure to fully respond to the QWR" and "only alleges that she is unable to seek modification of the terms and conditions of her loan to allow her to remain in her house").

For the aforementioned reasons, Plaintiff's claims under Count 1 fail.

Accordingly, the Court DISMISSES Count 1 with leave to amend.

III.   Counts II and III:  Fraud and Mistake

Count II of the SAC, entitled "Fraud," alleges:

On or about January 15, 2006, Countrywide and its successors/assignees and agents (in this case, BOA and BAC) and/or its employees and agents breached their duties by misrepresenting [Plaintiff's] income on the loan documents, not following generally accepted underwriting guidelines to qualify [Plaintiff] for the subject loan, properly and timely disclosing the true terms of the loan, properly and timely disclosing the true amount of interest [Plaintiff] would have to pay over the life of the loan, that property values were declining and would likely continue to do so in the foreseeable future based on the economic difficulties being experienced by hundreds and thousands of similarly situated borrowers who all had been placed in unaffordable loans, so that lenders and services could generate fees and commissions, and eventually foreclose on the subject property and reap the benefits of any and all value and equity in the property, that [Plaintiff] was likely to experience mortgage payment distress, had a high likelihood of defaulting on the note, and that there would not be sufficient equity in the Property to refinance the loan, and that any late payments would be reported such that she would not otherwise be qualified to refinance the subject property, all as part of a scheme to defraud [Plaintiff.].

(SAC ¶ 54.)

Count III of the SAC, entitled "Mistake," which is largely unchanged

from the FAC, alternatively argues that if fraud is not found, then "the transaction

was entered into based upon mutual mistake regarding the material terms and

conditions of the transaction, which still entitled [Plaintiff] to have the subject note

and mortgage determined to be void . . . ."  (Id. ¶ 58.)

      As in its previous order, the Court again finds Plaintiff's allegations

insufficient to meet her burden under the more rigorous pleading requirements of

Rule 9 that apply to claims of fraud or mistake.  See Fed. R. Civ. P. 9(b) (requiring

a party to state with particularity the circumstances constituting fraud or mistake);

see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055

(9th Cir. 2011) ("To satisfy Rule 9(b), a pleading must identify the who, what,

when, where, and how of the misconduct charged, as well as what is false or

misleading about [the purportedly fraudulent] statement, and why it is false."

(internal quotation marks and citations omitted)).  "To comply with Rule 9(b),

allegations of fraud must be specific enough to give defendants notice of the

particular misconduct which is alleged to constitute the fraud charged so that they

can defend against the charge and not just deny that they have done anything

wrong."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).

      Here, although Plaintiff's SAC includes an approximate date of the

alleged fraud and a recitation of party names rather than the generic phrase "Lender

or its predecessors and/or its employees and agents" used in her FAC, Plaintiff still

fails to specify what role each defendant played in the alleged misconduct and

instead broadly attributes the allegedly false statements to all defendants generally, without specifying where and by whom false statements were made.  See Swartz, 476 F.3d at 765 ("In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.'" (quoting Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989))).

Furthermore, the SAC fails to allege grounds for derivative liability on the state law claims against BAC.  See, e.g., Stoudt v. Alta Financial Mortgage, No. 08-cv-2643, 2009 WL 661924, at *2 (E.D. Pa. 2009) ("[A]ffirmative claims of fraud . . . are inappropriate to assert against an assignee where there are no allegations that the assignee had any contact with the mortgagor or made any representations to the mortgagor and the factual basis for the claims occurred prior to assignment of the mortgage loan."); Kapahu v. BAC Home Loans Servicing, LP, No. 10-00097, 2010 WL 2734774, at *5 (D. Haw. July 8, 2010) (dismissing a fraud claim in part because the plaintiff failed to allege grounds for derivative liability).

Finally, Plaintiff's statement that "the transaction was entered into based upon mutual mistake," is a legal conclusion, which this Court is not required to accept as true in ruling on a motion to dismiss.  See Iqbal, 129 S. Ct. at 1949.

16

Indeed, Plaintiff does not even attempt to describe the circumstances constituting mistake, much less provide such circumstances with particularity as required by Rule 9.  <u>See</u> F. R. Civ. P. 9(b).

Accordingly, the Court DISMISSES Counts II and III of the SAC with leave to amend.

<u>IV.</u>    <u>Count IV:  Unconscionability</u>

In Count IV of the SAC, Plaintiff alleges that as a result of Defendants' alleged failure to make proper and timely disclosures and properly qualify her for a loan, and based upon their "superior bargaining power" and "egregious and one-sided" loan terms, the terms and conditions of the note and mortgage are unconscionable.  (SAC ¶¶ 60–63.)

"Unconscionability" is generally a defense to the enforcement of a contract, not a proper claim for affirmative relief.  <u>See, e.g.,</u> <u>Gaitan v. Mortgage Elec. Registration Sys.</u>, 2009 WL 3244729, at *13 (C.D. Cal. Oct. 5, 2009) ("Unconscionability may be raised as a defense in a contract claim, or as a legal argument in support of some other claim, but it does not constitute a claim on its own.").  However, to the extent unconscionability can be addressed affirmatively as part of a different, independent, cause of action, such a claim may be asserted to prevent the enforcement of a contract where "the clauses are so one-sided as to be

17

unconscionable under the circumstances existing at the time of the making of the

contract."  See Lewis v. Lewis, 748 P.2d 1362, 1366 (Haw. 1988) (citations

omitted).

Here, Plaintiff provides that the "subject loan terms were egregious

and one-sided in that [Plaintiff] was not able to and was never able to afford the

loan according to generally accepted . . . underwriting standards, . . . none of which

was explained to [Plaintiff.]" (SAC ¶ 62.)  This is insufficient to satisfy the

pleading requirements of Rule 8.  See Iqbal, 129 S. Ct. at 1949 (stating that a

complaint that "tenders naked assertions devoid of further factual enhancement" is

insufficient to satisfy Rule 8).  Plaintiff does not identify the specific terms and

conditions that are so one-sided as to be unconscionable, rendering her assertion

insufficient to state a claim for relief.  See Iqbal, 120 S. Ct. at 1949 ("[a] pleading

that offers labels and conclusions or a formulaic recitation of the elements of a

cause of action will not do").  For this reason, the Court DISMISSES Count VI of

the SAC with leave to amend.

V.      Count V:  Unfair and Deceptive Acts or Practices ("UDAP")

Plaintiff alleges Defendants violated Hawaii Revised Statutes § 480-

2(a) and/or § 481A-3 by:

a.  Targeting a financially unsophisticated and otherwise vulnerable consumer for an inappropriate credit product.
b.  Failing to adequately disclose the true costs and risks of the subject loans and their inappropriateness for Plaintiff.
c.  Falsifying the amount of [Plaintiff's] income and source of income on the application it prepared.
d.  Failing to disclose that lender approved the subject loans based on Defendants' misrepresentation regarding Plaintiff's ability to repay the loan.
e.  Falsely representing the amount [Plaintiff] was required to pay.
f.  Failing to disclose that paying off the existing mortgage loan would require payment of a prepayment penalty.
g.  Failing to disclose it was likely [Plaintiff would default in repaying the loan and she would lose all the money she invested in this property; . . .
h.  Failing to disclose [Plaintiff would not likely qualify to refinance the subject property; [and]
i.  By misrepresenting and falsely inducing [Plaintiff] to believe that COUNTRYWIDE/BOA and BAC had her best interests at heart and would do everything possible to help her sustain ownership of the subject property.

(SAC ¶ 69.)

Section 480–2(a) of the Hawaii Revised Statutes provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce is unlawful." HRS § 480–2(a).  A practice is unfair when it "offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Balthazar v. Verizon Hawaii, Inc., 123 P.3d 194, 202 (Haw. 2005). Section 480–13 of the Hawaii Revised Statutes "establishes four essential elements: (1) a violation of chapter 480; (2) injury to plaintiff's business or property resulting from such

19

violation; (3) proof of the amount of damages; and (4) a showing that the action is in the public interest or that the defendant is a merchant." Davis v. Four Seasons Hotel Ltd., 228 P.3d 303, 335 (Haw. 2010).  HRS § 481A-3 similarly prohibits "deceptive trade practice[s]."

Plaintiff has again failed to sufficiently allege this Count of the Complaint.  Plaintiff has alleged no specific facts which suggest that any of the Defendants:  targeted financially unsophisticated or vulnerable consumers, failed to adequately disclose the true costs and risks of the subject loans, or failed to disclose that the lender approved the subject loans based on Defendants' misrepresentations on Plaintiff's ability to repay the loan.  Plaintiff has also proffered no facts with respect to Defendants' alleged failure to disclose that: paying off the existing mortgage loan would trigger a prepayment penalty, it was likely Plaintiff would default on the loan, and Plaintiff would not likely qualify to refinance the subject property.

Moreover, it appears that at least some of Plaintiff's allegations sound in fraud, which triggers Rule 9(b)'s heightened pleading requirements. See Smallwood v. Ncsoft Corp., 730 F. Supp. 2d 1213, 1232–33 (D. Haw. 2010) (relying on Kearns v. Ford Motor Co., 567 F.3d 1120, 1122 (9th Cir. 2009), to find that Chapter 480 claims that sound in fraud must be pled with particularity).

20

Plaintiff's assertions that Defendants falsified the amount of her income and falsely

represented the amount she was required to pay fails to assert "particularized

allegations of the circumstances constituting fraud" such as the time and place of

the alleged fraud and what specific acts were committed by each Defendant.  In

sum, there is no factual basis alleged in the complaint that supports Plaintiff's

UDAP claim.

Plaintiff also alleges in this Count that Countrywide and BOA

attempted to deprive her of her constitutional right to a trial by jury by "imposing

on her a condition precedent to notify Lender of any alleged breach of any

provision or alleged duty owed by reason of the mortgage before proceeding to

enforce any legal remedies," which was not disclosed to her.  (SAC ¶ 71.)  This

vague allegation does not describe how or why such a condition would deprive

Plaintiff of a jury trial.  Without more, Plaintiff fails to adequately plead factual

allegations to suggest this claim is plausible.

Furthermore, Chapter 480 provides for a cause of action against a

"person, firm, company, association or corporation" that actually committed an

unfair and deceptive trade practice.  Haw. Rev. Stat. § 480-3.1.  Plaintiff alleges

that Countrywide, not Defendants BOA and BAC, was the originating lender.

(SAC ¶¶ 9–10.)  Accordingly, Defendants cannot be liable under § 480-2 for the

unfair or deceptive acts and practices that may have occurred when the loan was consummated.  Section 480-2 liability does not attach merely because one is an assignee.  Rodenhurst v. Bank of America, 773 F. Supp. 2d 886, 896 (D. Haw. 2011).  Cf. Melton v. Family First Mortgage Corp., 156 N.C. App. 129, 576 S.E. 2d 365, 369 (2003) (finding a subsequent mortgage holder/assignee that did not commit improprieties related to execution of the original mortgage was not liable under North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1).

Defendants argue that this claim is barred by the applicable four-year statute of limitations.  (Mot. at 19–20.)  See Haw. Rev. Stat. § 480-24(a) (barring a chapter 480 claim "unless commenced within four years after the cause of action accrues").  The cause of action in the instant case accrued in February 2006, when the loan transaction was consummated.  See, e.g., McDevitt v. Guenther, 522 F. Supp. 2d 1272, 1289–90 (D. Haw. 2007) (stating that the statute of limitations period starts running when the alleged violation occurred, not when the plaintiff discovers the violation).  However, because this claim fails regardless of the statute of limitations, the Court will not reach this issue.  In considering whether to

22

amend Count V, counsel should examine the statute of limitations and whether a theory of tolling applies.

Accordingly, Count V is DISMISSED with leave to amend.

## VI.   Count VI:  Breach of Fiduciary Duties

In Count VI of the SAC, Plaintiff alleges that Defendants breached their fiduciary duties to her by engaging in various wrongful acts and omissions. (SAC ¶¶ 77, 81.)

Generally there exists no fiduciary duty between borrowers and lenders. Unless a special relationship exists between a borrower and lender that elevates the lender's responsibility, the standard "arms-length business relationship" applies.  Giles v. General Motors Acceptance Corp., 494 F.3d 865, 883 (9th Cir. 2007); see also Pension Trust Fund for Operation Eng'rs v. Federal Ins. Co., 307 F.3d 944, 954 (9th Cir. 2002); Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 283 Cal. Rptr. 53, 54 n.1 (Cal. App. 1991) ("The relationship between a lending institution and its borrower-client is not fiduciary in nature."); Miller v. U.S. Bank of Wash., 865 P.2d 536, 543 (Wash. App. 1994) ("The general rule . . . is that a lender is not a fiduciary of its borrower."); Ellipso, Inc. v. Mann, 541 F. Supp. 2d 365, 373 (D. D.C. 2008) ("[T]he relationship between a debtor and a creditor is ordinarily a contractual relationship . . . and is

not fiduciary in nature.") (citation omitted); <u>Price v. Wells Fargo Bank</u>, 213 Cal.
App. 3d 465 (1989) ("A debt is not a trust and there is not a fiduciary relation
between debtor and creditor as such.").

A "special relationship might exist if a bank offers any provision of
trust or fiduciary services, or otherwise agrees to serve as a financial advisor."
<u>River Colony Estates Gen. P'ship. v. Bayview Fin. Trading Grp.</u>, 287 F. Supp. 2d
1213, 1224 (S.D. Cal. 2003). A lender may also owe a borrower fiduciary duties if
the lender "excessively controls or dominates the borrower." <u>Periguerra v.
Meridas Capital, Inc.</u>, C 09–4748 SBA, 2010 U.S. Dist. LEXIS 8082, at *7, 2010
WL 395932 (N.D. Cal. Feb. 1, 2010).

Viewed against those principles, Plaintiff's allegations that
Countrywide (and ultimately BOA) was a fiduciary by virtue of its contracting to
provide her mortgage loan services best suited to her and soliciting and gaining her
trust, and Plaintiff's not being an investment banker, securities dealer, or mortgage
lender or broker do not demonstrate special circumstances giving rise to a fiduciary
duty. Moreover, Plaintiff's bald assertion that "[a] special relationship was
created" between Countrywide/BOA and herself and that Plaintiff reposed trust
and confidence in Countrywide/BOA also fall short of pleading standards.

24

In Count VI, Plaintiff also alleges that "BOA, and its subsidiary BAC have failed and refused to modify [Plaintiff's] loan under [the Home Affordable Modification Program ("HAMP")]." (SAC ¶ 86.)  However, Defendants do not have a duty to modify Plaintiff's loan.  See Hernandez v. HomEq Servicing, 2010 WL 5059673, at *2 (E.D. Cal. Dec. 6, 2010) ("HAMP provides financial incentives to participating mortgage servicers to modify the terms of eligible loans, but does not require loan modification.").

In sum, there are no factual allegations demonstrating circumstances other than the standard borrower-lender relationship, but it is arguably possible for Plaintiff to cure the defects in this claim.  Accordingly, Count VI is DISMISSED with leave to amend.

VII.   Count VII:  Failure to Act in Good Faith; Failure to Act Consistent with the Implied Duty of Good Faith and Fair Dealing

In Count VII of the SAC, Plaintiff alleges that Defendants failed to deal with her in good faith and in a fair manner by, inter alia, making misrepresentations of material fact and/or omissions of material fact, not making the mandatory federal law disclosures, not providing loan relief and/or modification of loan terms.  (SAC ¶ 89.)  Plaintiff's allegations in this Count are similar to the claims in her FAC.

This claim, in essence, asserts the tort of "bad faith." See Best Place v. Penn Am. Ins. Co., 920 P.2d 334, 342 (Haw. 1996) (adopting tort of bad faith for breach of implied covenant of good faith and fair dealing in an insurance contract). Although bad faith is an accepted tort when a plaintiff is a party to an insurance contract, the tort has not been recognized in Hawaii based on a mortgage loan contract. To the contrary, the Supreme Court has refused to extend the tort to a claim of a breach of an employment contract and, in so doing, used language indicating that it would be unlikely to extend it to a breach of a mortgage loan contract. See Francis v. Lee Enterprises, Inc., 971 P.2d 707, 711 (1999) ("Other jurisdictions recognizing the tort of bad faith . . . limit such claims to the insurance context or situations involving special relationships characterized by elements of fiduciary responsibility, public interest, and adhesion.").

Even assuming a tort of bad faith was recognized outside the insurance context, it is well-settled that a party cannot breach the covenant of good faith and fair dealing before a contract is formed. See Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc., 157 F.3d 933, 941 (2d. Cir. 1998) ("[A]n implied covenant relates only to the performance under an extant contract, and not to any pre-contract conduct."). Hawaii follows this principle. See Young v. Allstate Ins.

26

Co., 198 P.3d 666, 690 (Haw. 2008) (indicating the covenant of good faith does not extend to activities occurring before consummation of an insurance contract).

In the instant case, Plaintiff fails to allege any "special relationship characterized by elements of fiduciary responsibility, public interest, and adhesion," and thus fails to state a claim for bad faith.  See Francis, 971 P.2d at 711.  Moreover, nearly all of Plaintiff's allegations in Count VII (making misrepresentations, failing to disclose certain conditions) relate to contract formation and therefore cannot form the basis of a claim for bad faith.  See id.; see also Larson v. Homecomings Fin., LLC, 680 F. Supp. 2d 1230, 1237 (D. Nev. 2009) ("Because Plaintiffs' claim revolves entirely around alleged misrepresentations made before the [mortgage loan] contract was entered into, [the bad faith claim] fails as a matter of law.")  To the extent that Plaintiff is attempting to assert bad faith in not providing loan relief or modification of loan terms, these allegations are devoid of facts demonstrating a failure to act in good faith.

Overall, Plaintiff has not pled this Count with sufficient particularity to satisfy the Rule 8 pleading requirements.  Plaintiff still fails to explain how or why the alleged wrongdoings by Defendants constitute a breach of the implied

covenant of good faith and fair dealing.  In other words, Plaintiff fails to properly set forth any factual predicate to support this claim.

Accordingly, the Court DISMISSES Count VII with leave to amend.

VIII.  Count VIII:  Declaratory and Injunctive Relief

Count VIII of the SAC states that "[a]s a result of the wrongful acts and/or omissions of Lender or its predecessors and/or its employees and agents, Plaintiff is entitled to injunctive relief and a stay of any foreclosure proceedings until this matter can be resolved on the merits by means of an evidentiary hearing or trial on the merits.   (SAC ¶ 93.)

A claim for "injunctive relief" standing alone is not a cause of action. See, e.g., Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action. . . . An injunction is a remedy, not a separate claim or cause of action.  A pleading can . . . request injunctive relief in connection with a substantive claim, but a separately pled claim or cause of action for injunctive relief is inappropriate.") (quotation marks and internal citations omitted).  Injunctive relief may be available if Plaintiff is entitled to such a remedy on an independent cause of action.

Although Count VIII is entitled "Declaratory and Injunctive Relief," Plaintiff neither pleads any claim giving rise to declaratory relief nor specifies what declaratory relief she is seeking.  Moreover, like injunctive relief, declaratory relief is not an independent claim.  See Santos v. Countrywide Home Loans, 2009 WL 3756337, at *5 (E.D. Cal. Nov. 6, 2009) ("Declaratory and injunctive relief are not independent claims, rather they are forms of relief.").

Accordingly, the Court DISMISSES Count VIII with leave to amend.

## IX.    Count IX:  Unjust Enrichment

Plaintiff alleges that BOA and BAC have been unjustly enriched in that "BOA and BAC have received substantial benefit from [Plaintiff's] payments under the loan, and they cannot, in good conscience and equity, retain the benefits from their actions of charging a higher interest rate, or obtaining fees, rebates, kickbacks, and enjoying profits, or receiving payments of principal and interest from a wrongful and fraudulently induced loan."  (SAC ¶ 98.)

A valid claim for unjust enrichment requires a plaintiff to "prove that he or she conferred a benefit upon the opposing party and that the retention of that benefit would be unjust."  Porter v. Hu, 116 Haw. 42, 55, 169 P.3d 994, 1007 (Haw. App. 2007) (quotation marks and citation omitted).  Further, there must be "an absence of an adequate remedy at law."  Id.; see also Goodwin v. Executive

29

Trustee Servs., LLC, 680 F. Supp. 2d 1244, 1255 (D. Nev. 2010) ("An action 'based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement.'" (quoting Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975, 942 P.2d 182, 187 (Nev. 1997))); MacDonald v. Hayner, 715 P.2d 519, 522 (Wash. App. 1986) ("A party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating to the same matter, in contravention of the express contract.").

Here, both the Note and the Mortgage were express agreements that Plaintiff executed in connection with her loan which govern the parties' rights and obligations.  Plaintiff cannot, therefore, pursue this claim as alleged.

Accordingly the Court DISMISSES Count VIII with leave to amend.

X.    Count X:  Negligent and/or Intentional Infliction of Emotional Distress

Count X of the SAC alleges claims for negligent infliction of emotional distress ("NIED") "and/or" intentional infliction of emotional distress ("IIED").  As she did in the FAC, Plaintiff claims that Defendants "caus[ed] Plaintiff to suffer severe mental and emotional distress, by misleading her into entering into the subject loan transaction, by inducing her to place her[] trust and

confidence in them, by providing a loan product she was not properly qualified for, in causing her to lose her savings and all the money invested into the subject property, by giving her false hope she would be considered for and otherwise qualify for a loan modification or work-out agreement, that she would be allowed loan assistance or modification on reasonable terms that would allow [Plaintiff] to keep her interest in the Property, among other things." (SAC ¶ 104.)

A plaintiff may recover for NIED "where a reasonable [person], normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." DOE Parents No. 1 v. State, 58 P.3d 545, 580 (Haw. 2002) (citations and quotations omitted). To maintain a NIED claim, the Hawaii Supreme Court has held that a person must allege "some predicate injury either to property or to another person in order himself or herself to recover for negligently inflicted emotional distress." Id. at 580 (citations omitted). Therefore, "an NIED claimant must establish, incident to his or her burden of proving actual injury (i.e., the fourth element of a generic negligence claim), that someone was physically injured by the defendant's conduct, be it the plaintiff himself or herself or someone else." Id. at 580–81 (citations omitted).

"Under Hawaii law, the elements of IIED are '(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was

outrageous, and (3) that the act caused (4) extreme emotional distress to another.'"

Enoka v. AIG Haw. Ins. Co., 128 P.3d 850, 872 (Haw. 2006) (citation omitted).

Here, as in her FAC, Plaintiff has again failed to allege a predicate injury or threat of immediate injury either to herself or to someone else.  Instead, Plaintiff supports her NIED claim by proffering formulaic recitations of the elements of the claim, conclusory allegations, and generalized facts.

As for IIED, Plaintiff also fails to allege any specific facts to support an inference that Defendants acted in an intentional or reckless manner or that they engaged in outrageous conduct.  Further, Plaintiff's assertion that Defendants caused her to suffer severe mental and emotional distress is a legal conclusion not entitled to be assumed true when ruling on a motion to dismiss.  See Iqbal, 129 S. Ct. at 1949.  In sum, Plaintiff's allegations fail to state a claim for relief.

Accordingly, the Court DISMISSES Count X of the SAC with leave to amend.

XI.     Leave to Amend

Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires."  Further, "requests for leave should be granted with extreme liberality."  Moss v. U.S. Secret Service, 572 F.3d 962, 792 (9th Cir. 2009).  "Dismissal without leave to amend is improper unless it is clear . . . that the

complaint could not be saved by an amendment." Id. "However, 'liberality in granting leave to amend is subject to several limitations.'" Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)). "Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Id. (citing Ascon Props, 866 F.2d at 1160). "Further, '[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'" Id. (quoting Ascon Props, 866 F.2d at 1160).

The Court recognizes that it may be possible for Plaintiff to state a claim if provided the opportunity to amend her Complaint. The Complaint is therefore DISMISSED WITHOUT PREJUDICE as against all Defendants in this action with leave to amend no later than thirty (30) days from the filing of this Order. Failure to do so and to cure the pleading deficiencies may result in dismissal of this action with prejudice. Plaintiff is advised that the amended complaint must clearly state how each of the named defendants have injured them, and it must also clearly identify the statutory provisions under which Plaintiff's claims are brought consistent with this Order. In granting leave to amend the Court does not here limit Plaintiff's amended pleading only to the causes of action

33

presently contained in the Complaint—Plaintiff may allege new theories of liability if Plaintiff so chooses.

CONCLUSION

For these reasons the Court GRANTS IN PART Defendants' Motion to Dismiss (Doc. # 43).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 6, 2011.



_____
David Alan Ezra
United States District Judge

Rymal v. Bank of America fka Countrywide Home Loans, et al., Cv. No. 10-00280 DAE-BMK; ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT FILED AUGUST 8, 2011